IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TAMMY LYNN BROWN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-11-932-M |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| COMMISSIONER, SOCIAL ) | |
| SECURITY ADMINISTRATION, ) | |
| ) | |
| Defendant. ) | |

## **REPORT AND RECOMMENDATION**

Plaintiff Tammy Brown seeks judicial review of an administrative denial of benefits. The Court should reverse and remand for further findings with respect to Dr. Zielinski's medical opinion.

### BACKGROUND

Ms. Brown applied for supplemental security income based on an alleged disability. *See* Administrative Record at pp. 114-16 (certified Oct. 27, 2011) ("Record"). The Social Security Administration denied the application,[1] and the present action followed. Ms. Brown argues in part that the administrative law judge had erred in the consideration of Dr. Zielinski's medical opinion. Plaintiff's Opening Brief at pp. 13-25 (Feb. 13, 2012). Ms. Brown is correct, and reversal is necessary.[2]

---

[1]    Record at pp. 1-3, 10-19, 54-62.

[2]    Ms. Brown also advances another claim. However, the Court need not consider the additional claim in light of the suggested reversal based on the discussion of Dr. Zielinski's opinion.

STANDARD OF REVIEW

The Court must determine whether the Social Security Administration's decision is based on substantial evidence and the correct legal standard. *See Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005). In this circuit, the Social Security Administration must follow specific rules when weighing the evidence, and departure from these rules constitutes reversible error. *See Reyes v. Bowen*, 845 F.2d 242, 244 (10th Cir. 1988). Reversal is also necessary if the agency has failed "'to provide this court with a sufficient basis to determine that appropriate legal principles have been followed.'" *Byron v. Heckler*, 742 F.2d 1232, 1235 (10th Cir. 1984) (*per curiam*; citations omitted).

LEGAL ERROR IN THE ASSESSMENT
OF DR. ZIELINSKI'S MEDICAL OPINIONS

In assessing the Plaintiff's residual functional capacity, the administrative law judge found that Ms. Brown could perform a full range of work at all exertional levels but had moderate limitations in her ability to:

- understand, remember, and carry out detailed instructions and
- interact appropriately with the public.

*See* Record at p. 14. These findings entailed error in the discussion of Dr. Zielinski's medical opinions.

---

*See Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003) ("We will not reach the remaining issues raised by appellant because they may be affected by the [administrative law judge's] treatment of this case on remand.").

I.      The Standard for Evaluation of a Medical Opinion

When confronted with Dr. Zielinski's opinions, the administrative law judge had to consider "several specific factors." *Doyal v. Barnhart*, 331 F.3d 758, 764 (10th Cir. 2003) (citation omitted); *see* 20 C.F.R. § 416.927(d).  If the judge were to reject the medical opinions, she would need to give "'specific, legitimate reasons.'" *Robinson v. Barnhart*, 366 F.3d 1078, 1082 (10th Cir. 2004) (*per curiam*) (citation omitted).

II.     The Administrative Law Judge's Consideration of Dr. Zielinski's Opinions

Dr. Zielinski opined that the Plaintiff had moderate limitations in her ability to:

- "maintain attention and concentration for extended periods,"

- "perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances,"

- "sustain an ordinary routine without special supervision,"

- "work in coordination with or proximity to others without being distracted by them,"

- "make simple work related decisions,"

- "complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods,"

- "interact appropriately with the general public,"

- "accept instructions and respond appropriately to criticism from supervisors,"

- "get along with co-workers or peers without distracting them or exhibiting behavioral extremes,"

- "respond appropriately to changes in the work setting," and

- "set realistic goals or make plans independently of others."

Record at pp. 235-37.

The administrative law judge did not identify the weight given to Dr. Zielinski's opinion. However, the judge commented that the physician's assessment was "consistent with the residual functional capacity provided . . . due to the moderate limitations." *Id.* at p. 16.

This statement did not suffice because the Court cannot tell from the written decision how the administrative law judge had reached her assessment of residual functional capacity in light of Dr. Zielinski's articulation of eleven moderate limitations. The judge's assessment of residual functional capacity incorporated limitations in two of the eleven categories assessed by the administrative law judge. *See supra* pp. 2-4; *infra* pp. 4-5. But, the judge was silent about the doctor's assessment of moderate limitations in the nine other categories.

The administrative law judge ultimately determined that the Plaintiff had moderate limitations in her ability to interact appropriately with the public and to understand, remember, and carry out detailed instructions. *See supra* p. 2. Dr. Zielinski assessed two similar categories: (1) the ability to maintain attention and concentration for extended periods, and (2) the ability to interact appropriately with the public. *See* Record at pp. 235-36; *see supra* pp. 3-4. But Dr. Zielinski found moderate limitations in nine other categories:

- performance of activities within a schedule, maintenance of regular attendance, and punctuality,

- ability to adhere to an ordinary routine without special supervision,

- ability to work closely with others without distraction,

- ability to make simple occupational decisions,

- completion of a normal workweek without interruption from psychologically based symptoms and performance at a consistent pace without lengthy or numerous rest periods,

- acceptance of instruction and ability to respond appropriately to criticism,

- ability to get along with coworkers or peers without distraction or exhibition of behavioral extremes,

- ability to respond appropriately to changes in the work setting, and

- ability to set realistic goals and make plans independently of others.

The judge did not account for any of the nine moderate limitations. Thus, the judge was incorrect when she said that her findings were "consistent" with Dr. Zielinski's opinions. The decision was arguably consistent with two of the opinions, but inconsistent with nine others. The judge never said why she was rejecting Dr. Zielinski's assessment of the nine moderate limitations, and that silence constituted error.

A similar issue arose in *Haga v. Astrue*, 482 F.3d 1205 (10th Cir. 2007). There a doctor assessed the mental residual functional capacity and concluded that the claimant had several moderate limitations. *See Haga v. Astrue*, 482 F.3d at 1207. The administrative law judge's assessment reflected some of the limitations, but not others. *See id.* at 1207-1208.

As a result, the Tenth Circuit Court of Appeals concluded "that the [administrative law judge] should have explained why he [had] rejected four of the moderate restrictions on [the physician's residual functional capacity] assessment." *Id.* at 1208 (citation omitted).

Under *Haga v. Astrue*, the administrative law judge had an obligation to discuss her reasons for omitting the nine areas in which Dr. Zielinski had assessed moderate limitations. *Id.*; *see also Frantz v. Astrue*, 509 F.3d 1299, 1302-1303 (10th Cir. 2007).[3]

The Commissioner states that the administrative law judge had "essentially" found Ms. Brown capable of performing "unskilled work," arguing that this finding would reflect a moderate limitation in "concentration, persistence, or pace." Brief in Support of the Commissioner's Decision at p. 6 (Mar. 29, 2012). But even if the administrative law judge had accounted for a moderate limitation in concentration, persistence, or pace, the written decision would have remained silent on eight other areas in which Dr. Zielinski had assessed moderate limitations. *See supra* pp. 3-4. Thus, the administrative law judge would have erred even if the Court were to accept the Commissioner's characterization of the findings.

---

[3]     In *Frantz v. Astrue*, 509 F.3d 1299 (10th Cir. 2007), the administrative law judge had assessed a mental residual functional capacity and included two moderate limitations that were consistent with the treating physician's mental residual functional capacity assessment. *See Frantz v. Astrue*, 509 F.3d 1299, 1302-1303 (10th Cir. 2007). However, without any discussion, the administrative law judge failed to include the other moderate limitations articulated by the physician. *See id.* Citing *Haga v. Astrue*, 482 F.3d 1205 (10th Cir. 2007), the Tenth Circuit Court of Appeals found error in the lack of an explanation. *Id.* at 1303.

RECOMMENDED RULING

The administrative law judge committed legal error in the consideration of Dr. Zielinski's opinions. As a result, the Court should reverse and remand for further findings concerning Dr. Zielinski's opinions on moderate limitations.

NOTICE OF THE RIGHT TO OBJECT

Any party may file written objections with the Clerk of the United States District Court. *See* 28 U.S.C.A. § 636(b)(1) (2011 supp.). The deadline for objections is July 27, 2012. *See* Fed. R. Civ. P. 6(d), 72(b)(2). The failure to file timely objections would result in waiver of the right to appeal the suggested ruling. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

STATUS OF THE REFERRAL

The referral is discharged.

Entered this 10th of July, 2012.

_____
Robert E. Bacharach
United States Magistrate Judge